Uddin-Nessa v. Sessions

BIA
Schoppert, IJ
A200 239 856

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4ᵗʰ day of May, two thousand eighteen.

PRESENT:
            PIERRE N. LEVAL,
            RICHARD C. WESLEY,
            CHRISTOPHER F. DRONEY,
                 *Circuit Judges.*
_____

AHMED SHAFIQ UDDIN-NESSA, AKA
MOHAMED SHAFIQ AHMED,
        *Petitioner,*

        v.                                    16-2359
                                              NAC
JEFFERSON B. SESSIONS, III,
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:          Gregory Marotta, Vernon, NJ.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Anthony P.
                         Nicastro, Assistant Director;
                         Sheri R. Glaser, Trial Attorney,
                         Office of Immigration Litigation,
                         United States Department of
                         Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ahmed Shafiq Uddin-Nessa, a native and citizen of Bangladesh, seeks review of a June 17, 2016, decision of the BIA affirming a February 25, 2015, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ahmed Shafiq Uddin-Nessa,* No. A200 239 856 (B.I.A. June 17, 2016), *aff'g* No. A200 239 856 (Immig. Ct. N.Y. City Feb. 25, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the

applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.

Although the agency reasonably relied on Uddin-Nessa's inconsistent statements regarding whether he had been arrested in Bangladesh and Panama to question his credibility, *see Xiu Xia Lin*, 534 F.3d at 165-66, it erred when it declined to consider his cousin's passport records and his hospital records as corroborating evidence that he offered to rehabilitate his credibility, *see Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question.").

"[H]owever, not every minor error requires a remand. Certainly if the IJ explicitly adopts an alternative and sufficient basis for her determination, no remand is

required." *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401 (2d Cir. 2005). Thus, when an adverse credibility determination results from "some agency findings infected by legal error and others that are not, our decision to uphold the agency decision or to remand for further proceedings depends on how confidently we can predict that the agency would reach the same decision absent the errors that were made." *Shunfu Li v. Mukasey*, 529 F.3d 141, 150 (2d Cir. 2008) (internal quotation marks omitted).

In reaching an adverse credibility conclusion, the IJ provided multiple reasons for finding Uddin-Nessa's testimony not credible; properly accounting for corroborating evidence would not have changed the conclusion that Uddin-Nessa was not credible. Although the passport records tended to place his cousin in Bangladesh at the time of Uddin-Nessa's arrest, the IJ also emphasized her testimony was entitled to diminished weight because she was an interested witness and her testimony only sought to corroborate Uddin-Nessa's inconsistent statements. Certified Administrative Record (CAR) at 41–42.

Additionally, even if the IJ erred in failing to explain why it did not consider Uddin-Nessa's hospital

4

records to rehabilitate his credibility, the records would be insufficient to overcome the numerous omissions and implausible statements in his own testimony.  The IJ based its credibility determination on substantial and damning inconsistencies, including most notably Uddin-Nessa's failure to reveal to U.S. authorities his fourteen-month detention in Panama or his arrest in Bangladesh in 2008.  CAR at 39–40.  The IJ found his explanation for those omissions to be unpersuasive.  The IJ also found Uddin-Nessa not credible based on the inconsistencies between his testimony in his removal hearing, asylum application, and credible fear interview with DHS.

Because the hospital records alone would be insufficient to rehabilitate Uddin-Nessa's credibility, we can confidently predict that remand would be futile.

For the foregoing reasons, the petition for review is DENIED and the BIA's order is AFFIRMED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule

of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk